## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**THOMAS ALBERT SOSNOWSKI,**

      **Petitioner,**

**v.**                             **Case No. 3:20cv5976-LC/MAF**

**RICKY D. DIXON, Secretary,**
**Florida Department of Corrections,[1]**

      **Respondent.**
_____/

## <u>ORDER and</u>
## <u>REPORT AND RECOMMENDATION</u>

On December 3, 2020, Petitioner Thomas Albert Sosnowski, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On February 24, 2021, he filed an amended § 2254 petition, ECF No. 13, and memorandum of law, with attachments, ECF No. 14. On October 22, 2021, Respondent filed an answer, with exhibits. ECF No. 22. Petitioner filed a reply on November 22, 2021. ECF No. 25. Petitioner has also filed a motion to supplement the record. ECF No. 28.

---

[1]The Clerk of Court shall substitute Ricky D. Dixon as Secretary of the Florida Department of Corrections. Ricky D. Dixon succeeded Mark S. Inch as Secretary for the Department of Corrections and is automatically substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  For the reasons stated herein, the pleadings and attachments before the Court show Petitioner is not entitled to federal habeas relief, and this § 2254 petition should be denied.

## Procedural Background

By information filed September 21, 2015, in Santa Rosa County Circuit Court Case 5715-CF-1155, the State of Florida charged Petitioner Thomas Albert Sosnowski with three counts, in connection with events that occurred on or about September 8, 2015, following a welfare check by the Department of Children and Families (DCF), assisted by the sheriff's office, that ultimately resulted in the involvement of a SWAT team:  (1)  resisting an officer with violence, in violation of section 843.01, Florida Statutes; (2) battery upon a law enforcement officer (Nathan Hall), in violation of sections 784.07(2)(b) and 784.03, Florida Statutes; and (3) battery upon a law enforcement officer (Adam Teichner), in violation of sections 784.07(2)(b) and 784.03, Florida

Statutes.   Ex. B1 at 26-27.[2]   Sosnowski proceeded to a jury trial on September 28, 2016.  Ex. B1 at 402-656 (trial transcript).  He testified in his defense.  *Id*. at 576-610; *see id*. at 565-69.  The jury found him guilty as charged on Counts 1 and 2, and the jury found him not guilty on Count 3. Ex. B1 at 79-80; 655-56.  That same day, the trial judge adjudicated him guilty and sentenced him to five (5) years in prison on each count, to run consecutively, and dismissed the third count.  Ex. B1 at 229-33 (Judgment and Sentence), 698-99 (sentencing transcript).

Sosnowski appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D16-4537, and his counsel filed an Initial Brief.  Ex. B1 at 234-35; Ex. B2.   at 62; Ex. E.  Sosnowski raised four points:

I.    The State did not present legally sufficient evidence that the SWAT team were executing a legal duty at the time of the offenses.

II.   The trial court failed to fulfill its independent duty to order a competency hearing when it reasonably believed Appellant was incompetent to proceed.

III.   The trial court denied Appellant assistance of counsel during the trial.

IV.   Appellant's maximum sentence for maintaining his innocence violated due process.

---

[2]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's answer, ECF No. 22.

Ex. B1 at i.  The State filed an Answer Brief.  Ex. B3.  Sosnowski's counsel filed a Reply Brief.  Ex. B4.  On April 17, 2018, the First DCA affirmed the case and issued a written opinion.  Ex. B5; Sosnowski v. State, 245 So. 3d 885 (Fla. 1st DCA 2018).  The mandate issued July 18, 2018, Ex. B14, following the court's denial of Sosnowski's pro se motions for rehearing, Exs. B6-B13.  Sosnowski sought discretionary review in the Florida Supreme Court, Ex. C1, which that court denied on March 26, 2019, Ex. C2. Sosnowski v. State, 2019 WL 1349271 (Fla. Mar. 26, 2019).

On May 14, 2019, Sosnowski filed a pro se motion for modification or reduction of sentence in the state trial court.  Ex. I1.  The court denied the motion by order on May 31, 2019.  Ex. I2.

On August 20, 2019, Sosnowski filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising 22 claims of ineffective assistance of counsel (IAC).  Ex. E1 at 51-100 (exclusive of exhibits).  On September 19, 2019, the state post-conviction trial court dismissed the Rule 3.850 motion without prejudice, because it did not contain a proper oath and did not comply with the certification requirement.  Id. at 143-44.  Sosnowski filed an amended motion, id. at 145-99, which the court dismissed without prejudice as "facially or legally insufficient," id. at 291-92. Sosnowski filed a second amended motion, id. at 293-345, which the court

also dismissed without prejudice as "facially or legally insufficient," *id*. at 427-28.

On March 23, 2020, Sosnowski filed a third amended Rule 3.850 motion, alleging five IAC claims. Ex. E1 at 500-57 (exclusive of attachments). By order rendered April 28, 2020, the state post-conviction trial court summarily denied the motion. *Id*. at 748-54 (exclusive of attachments). Sosnowski appealed to the First DCA, assigned case number 1D20-1772. Ex. E2. In a written opinion issued August 19, 2020, the First DCA dismissed the appeal as untimely. *Id*.; Sosnowski v. State, 301 So. 3d 472 (Fla. 1st DCA 2020). The mandate issued September 16, 2020. Ex. E3.

Sosnowski filed a petition seeking a belated appeal, assigned case number 1D20-2539. Ex. F1. The First DCA denied that petition on September 30, 2020. Ex. F2; Sosnowski v. State, 303 So. 3d 523 (Fla. 1st DCA 2020) (table).

In the meantime, on September 10, 2019, Sosnowski filed a petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of appellate counsel, assigned case number 1D19-3421. Ex. D1. He filed an amended petition. Ex. D2. On December 15, 2020, in an unelaborated decision, the First DCA denied the petition on the merits. Ex. D3; Sosnowski v. State, 308 So. 3d 565 (Fla. 1st DCA 2020).

As indicated above, Sosnowski filed a § 2254 petition in this Court on December 3, 2020. ECF No. 1. He subsequently filed an amended § 2254 petition, ECF No. 13, and memorandum of law, with attachments, ECF No. 14. In his amended petition, he raises five grounds, some of which contain subclaims:

(1) **Trial Court Error & IAC – Fourth Amendment**: "Police were in blatant violation of [Petitioner's] 4th Amendment rights at the time [he] allegedly committed the offenses." *Id*. at 9.

(2) **Trial Court Error & Ineffective Assistance of Appellate Counsel – Jury Instructions**: "Trial court committed fundamental error by giving the jury bogus, incomplete, and misleading jury instructions, [resulting in a] 6th Amendment violation of [Petitioner's] rights to a fair trial." *Id*. at 14.

(3) **Trial Court Error – Evidentiary Ruling**: "Trial court abused its discretion by ruling as inadmissible highly exculpatory DCF [Department of Children and Families] official report findings." *Id*. at 18.

(4) **Ineffective Assistance of Appellate Counsel – Fourth Amendment**: "Appellate counsel provided below substandard performance for failure to argue that the State made incorrect statements of law . . . to falsely justify blatant 4th Amendment violations." *Id*. at 21.

(5) **Ineffective Assistance of Appellate Counsel – Reply Brief**: "In the Reply Brief, Appellate Counsel provided below substandard performance for failure to argue that the Assistant Attorney General (AAG) committed straight up, easily provable, written perjury in the State's Answer Brief," filed in Petitioner's direct appeal, First DCA case number 1D16-4537, as argued by Petitioner in his petition for writ of habeas corpus filed in First DCA case number 1D19-3421. *Id*. at 24.

On October 22, 2021, Respondent filed an answer, with exhibits. ECF No. 22. Petitioner filed a reply on November 22, 2021. ECF No. 25. Petitioner has also filed a motion to supplement the record. ECF No. 28.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83 (2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562 U.S. 86,

102 (2011), and <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  *Id*.

For ineffective assistance of counsel (IAC) claims, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  To demonstrate ineffectiveness, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the <u>Strickland</u> standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'"  <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 123 (2009) (quoting

<u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007)).    "And, because the <u>Strickland</u> standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  *Id.*  It is a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard."  *Id.*

### <u>Ground 1</u>:  Trial Court Error & IAC – Fourth Amendment

In his first ground, Petitioner Sosnowski asserts the "[p]olice were in blatant violation of [his] 4th Amendment rights at the time [he] allegedly committed the offenses."  ECF No. 13 at 9.  He asserts he has "not received full and fair consideration of [his] 4th Amendment violation claims in the state courts" and sets forth four subclaims:

**(1)** his "trial counsel's performance was below substandard for failure to raise the <u>SAME</u> 4th Amendment violation claims" that he raised in his third amended Rule 3.850 motion;

**(2)** the state trial court "abused its discretion by ruling as inadmissible [his] highly exculpatory and admissible" DCF official reports that prove "DCF CPI Shannon Xeureb . . . had the full knowledge that [Petitioner] always took very good care of [his] son";

**(3)** the First DCA "refused to analyze trial transcripts . . . to see that there was non-existent evidence to justify the Sept. 8, 2015, SWAT team warrantless forced seizure of [Petitioner's] son"; and

**(4)** "Appellate counsel's performance was below substandard for failure to raise the SAME 4th Amendment violation claims" that Petitioner raised in his third amended Rule 3.850 motion.

ECF No. 13 at 10-12.

### Subclaim (1) – Ineffective Trial Counsel/Fourth Amendment Claims

In his first subclaim, Sosnowski asserts his trial counsel provided ineffective assistance "for failure to raise the SAME 4th Amendment violation claims" that he raised in his third amended Rule 3.850 motion.  ECF No. 13 at 10.  Sosnowski raised, in the first ground of his third amended Rule 3.850 motion, a similar claim alleging ineffective assistance of trial counsel for not filing a motion to dismiss or seeking a judgment of acquittal on this basis.  Ex. E1 at 506-37.  The state post-conviction trial court denied the ground:

> In **Ground One**, Defendant claims that trial counsel was ineffective for failing to file a motion to dismiss arguing that the officers did not have the authority to enter his backyard and home without a warrant and therefore were not engaged in the lawful performance of their duties at the time of the offenses.  He essentially alleges that such a motion would have been granted and trial counsel prevented him from having all charged dropped before trial.

> The Court finds that Defendant has not demonstrated that trial [counsel's] performance was deficient or that he was prejudiced.  If trial counsel had filed a motion to dismiss, the Court would have denied the motion.  On appeal, Defendant argued that the charges against him should have been dismissed on the same grounds.  The First District disagreed, specifically finding that "[b]ecause they had probable cause to arrest [Defendant] for domestic violence and exigent circumstances existed, the officers were lawfully executing a legal duty at the time of their encounter with [Defendant]."  *See* Sosnowski v. State, 245 So. 3d 85, 890 (Fla. 1st DCA 2018).

Defendant also claims that trial counsel was ineffective for failing to file a motion for judgment of acquittal arguing the same grounds. He essentially alleges that such a motion would have been granted and trial counsel prevented him from being acquitted of all charges during trial.

The Court finds that this claim is refuted by the record. After the State rested its case, trial counsel moved for a judgment of acquittal, and the Court denied the motion. On appeal, Defendant argued that the Court erred by denying his motion for judgment of acquittal. The First District disagreed and held the motion was properly denied. *See* Sosnowski, 245 So. 3d at 890.

Ex. E1 at 750-51 (footnote with citation to trial transcript omitted).

As Respondent points out, and as indicated above, the First DCA dismissed as untimely Sosnowski's appeal from the denial of his third amended Rule 3.850 post-conviction motion. ECF No. 22 at 9-10; Ex. E2. The First DCA also denied Sosnowski's petition for a belated appeal. Ex. F1. Sosnowski's failure to obtain appellate review of the denial of post-conviction relief deprived the state courts of the "full opportunity to resolve any constitutional issues." Sosnowski thus did not exhaust the claims raised in his third amended Rule 3.850 motion and this subclaim is now procedurally defaulted. *See* O'Sullivan, 526 U.S. at 845. *See, e.g.*, Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (explaining cause and prejudice, and correction of fundamental miscarriage of justice); Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a

procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of just exception is applicable.").

If considered on the merits, this subclaim should be denied because the record, as well as statutory and case law, support the court's ruling. *See* Ex. B1 at 457-63 and 475-83, discussed in the analysis of Ground 5, *infra*; *see also* Ex. B1 at 492, 496-98. Indeed, in its opinion, affirming the denial of the motion for judgment of acquittal, the First DCA explained:

> A conviction for battery on a law enforcement officer and resisting an officer with violence requires proof that the officers were engaged in the lawful performance of a legal duty at the time of the charged conduct. §§ 784.07(2)(b) & 843.01, Fla. Stat. (2015); *see also* Espiet v. State, 797 So. 2d 598, 602 (Fla. 5th DCA 2001). Sosnowski argues that the charges against him should have been dismissed because the police officers had no authority to enter his backyard and home without a warrant and thus were not engaged in the lawful performance of their duties at the time of the charged offenses. The State argues that the officers were engaged in the performance of a lawful duty at the time of their encounter with Sosnowski because the officers had probable cause to arrest Sosnowski for domestic violence. The State also contends that exigent circumstances existed to allow them to enter the backyard and home without a warrant to secure the child's safety.
>
> Probable cause sufficient to justify an arrest exists "where the facts and circumstances, as analyzed from the officer's knowledge, special training and practical experience, and of which he has reasonably trustworthy information, are sufficient in themselves for a reasonable man to reach the conclusion that an offense has been committed." Dep't of Highway Safety & Motor Vehicles v. Favino, 667 So. 2d 305, 309 (Fla. 1st DCA

> 1995).  A law enforcement officer may arrest a person without a warrant when there is probable cause to believe that the person has committed an act of domestic violence.  See § 901.15(7), Fla. Stat. (2015).  The officers in this case were informed that Garza called DCF because she feared Sosnowski.  When the officers arrived, they observed fresh bruises on Garza's face, chest, and neck.  Viewed in the light most favorable to the State, the facts support the trial court's findings that the officers had probable cause to arrest Sosnowski.

Sosnowski, 245 So. 3d at 888.  The First DCA also explained that exigent circumstances existed justifying the officers' warrantless entry into Sosnowski's backyard, where the offenses occurred:

> [W]hile the evidence of Garza's abuse provided the officers sufficient probable cause to arrest Sosnowski without a warrant, the evidence of abuse *alone* is not enough to support a *warrantless entry into his backyard*.  *See* State v. Markus, 211 So. 3d 894, 909 (Fla. 2017) ("Florida courts have [ ] found probable cause for minor offenses insufficient to justify warrantless home searches and arrests."); Espiet, 797 So. 2d at 602 ("The courts generally agree that a law enforcement officer may not make a warrantless entry into a person's home to arrest the person for a misdemeanor offense.").  However, where exigent circumstances for the entry are present, a police officer may enter a private home without a warrant.  *See* Payton v. New York, 445 U.S. 573, 576 . . . (1980).  Exigent circumstances were present here.  At the time the officers entered Sosnowski's backyard and home, they had an objectively reasonable belief that a five-year-old child was in danger.

*Id*.  The First DCA explained that "[p]ublic safety has long been recognized as an exigent circumstance permitting warrantless entry into a residence" and, in this case, "[i]mmediate entry into Sosnowski's backyard and home was necessary for the officers to ensure the safety of a five-year-old child."

*Id*. at 888-89; *see, e.g.*, <u>Riggs v. State</u>, 918 So. 2d 274, 279 (Fla. 2005);

<u>Markus v. State</u>, 160 So. 3d 488, 492 (Fla. 1st DCA 2015).  In particular, the

First DCA explained:

> The sole purpose of the officers' presence at the home was to conduct a welfare check of Garza and the child and to determine whether they were in danger.  *See* § 39.301, Fla. Stat. (2015) (outlining the procedure for initiating protective investigations).  Upon arriving, Garza presented with "fresh" bruises and identified Sosnowski as her abuser.  Moments later, Garza heard Sosnowski lock a bar across the front door, her son still inside.  Garza indicated to the officers that Sosnowski told her she would not see her son again.  The officers also learned about the unique layout of the home, including the custom locks, windows, and doors that made the home nearly impenetrable.  They knew Sosnowski had several bladed weapons hidden around the home and purposely placed in the yard.  They had no way to ascertain the child's whereabouts inside the fortress.  The officers also knew Sosnowski's history of violent threats towards DCF's employees, one reported that very day.  Sosnowski refused to exit the home after the officers made several attempts to contact him.  The uncertainty of the child's location coupled with Sosnowski's evasiveness provided an objectively reasonable basis for the officers to believe that the child was in danger and to enter the home without a warrant to secure the child's safety.

*Id*.  The First DCA rejected Sosnowski's argument that because the officers

had observed the child on his shoulders upon arrival for the welfare check,

prior to their contact with and observation of Garza, the officers did not have

a reason to believe the child was in danger:

> Although the officers had indeed observed the child earlier, Sosnowski had taken the child back into the home, where the officers could no longer observe him.  At the time the officers

entered the backyard, they had no knowledge of whether the child was safe.  The officers' common-sense interpretation of an increasingly dangerous situation prompted certain action and that action fit squarely within the boundaries of the Fourth Amendment.  Allowing a five-year-old child to remain in a fortified home with a hostile and potentially violent aggressor with access to multiple weapons has "the potential for serious consequences" prompting the "need for an on-the-spot judgment based on incomplete information . . . ." [C.L.L. v. State, 115 So. 3d 1114, 1117 (Fla. 1st DCA 2013).]  The officers in this case made precisely such a judgment.  "The resulting invasion of privacy is one that prudent, law-abiding citizens can accept as the fair and necessary price of having the police available as a safety net in emergencies."  Ortiz v. State, 24 So. 3d 596, 602 (Fla. 5th DCA 2009) (citing Riggs, 918 So. 2d at 282-83).

Id. at 889-90.  The First DCA affirmed the convictions for battery on a law enforcement officer and resisting an officer with violence, holding that "because they had probable cause to arrest Sosnowski for domestic violence and exigent circumstances existed, the officers were lawfully executing a legal duty at the time of their encounter with Sosnowski" and "the trial court properly denied judgment of acquittal."  Id. at 890.

## Subclaim (2) – DCF Reports

In subclaim (2), Sosnowski asserts the state trial court "abused its discretion by ruling as inadmissible [his] highly exculpatory and admissible" DCF official reports that prove "DCF CPI Shannon Xeureb . . . had the full knowledge that [Petitioner] always took very good care of [his] son."  ECF No. 13 at 10.  This subclaim appears the same as, or substantially similar to,

Ground 3, analyzed *infra*, and should be denied for the reasons given in that analysis.  *See* ECF No. 25 at 3 (Sosnowski states, in his reply:  "Ground Three and Ground One, Subclaim Two are the same.").

## Subclaim (3) – Affirmance of Judgment and Sentence

In subclaim (3), Sosnowski asserts the First DCA erred in affirming his judgment and sentence because assistant attorney general committed perjury in the answer brief filed in his direct appeal.  As Respondent indicates, the reply brief filed by Sosnowski's counsel did not raise this issue.  *See* Ex. B4.  A review of the record reflects, however, that Sosnowski did present this subclaim in one of his pro se motions for rehearing, Ex. B10 at 3.  The First DCA denied this motion by order on June 27, 2018, Ex. B12, an adjudication entitled to deference under 28 U.S.C. § 2254(d).  *See* Richter, 562 U.S. at 99.  The record supports the state court's determination. *See* Wilson v. Sellers, -- U.S. --, 138 S. Ct. 1188, 1192 (2018) ("We hold that the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale.  It should then presume that the unexplained decision adopted the same reasoning.").

In particular, as discussed in the analysis of Ground 5, *infra*, Sosnowski points out a sentence from the answer brief:  "Garza testified that her and her child possessed bruises on that day."  Ex. B3 at 4, 24; *see* ECF No. 13

at 24.  The transcript reflects, however, that Garza testified there were bruises on her own body but she did not testify that there were bruises on the child.  Ex. B1 at 459.

As indicated by the discussion of the First DCA's opinion in this case, *supra*, and as a review of that opinion reveals, the court did not mention in its decision any issue about bruises on the child.  *See* <u>Sosnowski v. State</u>, 245 So. 3d 885 (Fla. 1st DCA 2018).  Indeed, for purposes of this case, whether the child actually had bruises did not matter – the child was in the house with Sosnowski, and Garza and law enforcement had concerns for the child's well-being and safety.  Law enforcement also wanted to question Sosnowski about the bruises on Garza.  The resulting actions of law enforcement and Sosnowski gave rise to the charges in this case, resisting an officer with violence and battery on a law enforcement officer.

As more fully discussed in the analysis of Ground 5, *supra*, a fair reading of the answer brief, together with the transcript, indicates the statement by the Assistant Attorney General (AAG) regarding bruises on the child appears a careless error and not a deliberate attempt to mislead the court or commit perjury.  Moreover, as Respondent points out, this misstatement does not constitute perjury because, among other things, the AAG was not under oath in preparing the answer brief.  ECF No. 22 at 40.

**Subclaim (4) – Ineffective Appellate Counsel/Fourth Amendment**

In subclaim (4), Sosnowski asserts appellate counsel provided ineffective assistance "for failure to raise the <u>SAME</u> 4th Amendment violation claims that [he] raised in [his] 'Third Amended Motion for Postconviction Relief' and that [he] <u>NOW</u> raise[s]" in his § 2254 petition.  ECF No. 13 at 11-12.  This appears to refer, again, to Sosnowski's argument that law enforcement did not have the authority to proceed without a warrant and thus were not lawfully performing their duties when the offenses occurred.  As discussed in the analysis of subclaim (1), *supra*, Sosnowski raised, in the first ground of his third amended Rule 3.850 motion, a similar claim alleging ineffective assistance of his *trial* counsel for not filing a motion to dismiss or seeking a judgment of acquittal on this basis.  In subclaim (4), however, as pointed out by Respondent, Sosnowski alleges ineffective assistance of *appellate* counsel.  ECF No. 13 at 11-12.  Sosnowski did not present this claim to the state court in either his Rule 3.850 motion or his petition for habeas corpus filed in the First DCA.  Thus, this subclaim is unexhausted and now procedurally defaulted.

If considered on the merits, appellate counsel did challenge on appeal the trial court's denial of the judgment of acquittal, and the First DCA affirmed, as explained above.  Because the underlying claim – that law

enforcement was not lawfully executing a legal duty at the time of their encounter with Sosnowski – lacks merit, appellate counsel did not perform deficiently by not raising any other related point on direct appeal.  *See, e.g.*, Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (holding appellate counsel not ineffective for failing to raise non-meritorious issue).

Petitioner Sosnowski also states in this subclaim that appellate counsel did not provide him "with BOTH trial transcripts and the Record on Appeal until 21 days AFTER the 1st DCA rendered a 'Written Opinion' on April 17, 2018."  ECF No. 13 at 12; *see* ECF No. 25 at 29.  Sosnowski raised this claim in his habeas corpus petition, which the First DCA denied on the merits, an adjudication entitled to deference under 28 U.S.C. § 2254(d).  *See* Richter, 562 U.S. at 99.  The record supports the ruling as, among other things, it contains multiple motions for rehearing filed by Sosnowski, Exs. B6, B7, B10, and ruled on by the First DCA, Exs. B8 and B12, belying any contention that he was prevented from seeking rehearing due to a delay.

Based on the foregoing, Petitioner Sosnowski has not shown that the state court's rejection of these subclaims involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, the claims in this ground should be denied.

## Ground 2:  Trial Court Error & Ineffective Assistance of Trial and Appellate Counsel – Jury Instructions

In his second ground, Petitioner Sosnowski asserts the "trial court committed fundamental error by giving the jury bogus, incomplete, and misleading jury instructions," resulting in a "6th Amendment violation of [his] rights to a fair trial."  ECF No. 13 at 14.  He asserts:

> The jury was robbed of their main factfinding task to determine the material facts that contribute to the unlawfulness of the Sept. 8, 2015 SWAT Team warrantless forced seizure of my 5 year old son at the behest of Department of Children and Families DCF CPI Shannon Xeureb that DID NOT testify in trial.

*Id*.  He indicates this issue was not raised in the state court and further asserts "Appellate Counsel's performance was below substandard for failure to argue" this claim.  *Id*.  He also asserts, "Trial Counsel's performance was below substandard for failure to make a contemporaneous objection . . . ."  *Id*. at 15.

As to the alleged ineffective assistance of trial counsel, for not objecting to the "incomplete and misleading" jury instructions, Sosnowski raised this claim in the second ground of this third amended Rule 3.850 motion.  Ex. E1 at 537-40.  The state post-conviction trial court denied the claim, making the following findings:

> In **Ground Two**, Defendant claims that trial counsel was ineffective for failing to make a contemporaneous objection to incomplete and misleading jury instructions.  He makes the

following allegations in support of this claim. The jury instructions did not allow the jury to determine whether the State proved beyond a reasonable doubt that the child protective investigator (CPI) with the Department of Children and Families (DCF) had an objectively reasonable belief that the child was in danger. The jury was forced to determine whether the officers were lawfully executing a legal duty without explanation. "Common person jury members" would not understand what that means and would always assume that officers are lawfully executing a legal duty when they are wearing uniforms and on duty. Asking the jury if the officers were lawfully executing a legal duty was fundamental error. Trial counsel's failure to object prejudiced Defendant because it allowed the Court to commit fundamental error. If trial counsel had objected, then he would have been acquitted of all charges.

The Court finds that Defendant has not demonstrated that trial counsel's performance was deficient or that he was prejudiced. The jury instructions given at trial were not incomplete or misleading. *See* Fla. Std. Jury Instr. (Crim.) 8.11 & 21.1. Additionally, the CPI did not testify at trial, and whether the CPI had an objectively reasonable belief that the child was in danger was neither an issue at trial nor an element of the offenses charged. *See* §§ 784.07(2)(b) & 843.01, Fla. Stat. (2015). Notably, on appeal, the First District specifically found that *the officers* had an objectively reasonable belief that the child was in danger. *See* Sosnowski, 245 So. 3d at 888. Furthermore, "if it truly were a matter of fundamental error, it could have and should have been raised on direct appeal." Hughes v. State, 22 So. 3d 132, 135 (Fla. 2d DCA 2009).

Ex. E1 at 751-52 (footnotes to trial transcript omitted).

As discussed above, the First DCA dismissed as untimely Sosnowski's appeal from the denial of his third amended Rule 3.850 post-conviction motion, Ex. E2, and the First DCA also denied his petition for a belated appeal, Ex. F1. Sosnowski's failure to obtain appellate review of the denial

of post-conviction relief deprived the state courts of the "full opportunity to resolve any constitutional issues." Sosnowski thus did not exhaust this ground and it is now procedurally defaulted. *See* O'Sullivan, 526 U.S. at 845. *See, e.g.*, Henderson, 353 F.3d at 892; Smith, 256 F.3d at 1138.

If considered on the merits, the record and case law support the state court's findings. *See* Wilson, 138 S. Ct. at 1192. In Florida, "[j]ury instructions are subject to the contemporaneous objection rule, and in the absence of a contemporaneous objection at trial, relief regarding error in the instructions can be granted on appeal only if the error is fundamental." Floyd v. State, 850 So. 2d 383, 403 (Fla. 2002). "Fundamental error is that which 'reaches down into the validity of the trial itself to the extent that a verdict . . . could not have been obtained without [that] error." *Id*. (quoting Archer v. State, 673 So. 2d 17, 20 (Fla. 1996)).

As the state post-conviction trial court indicated, the instructions Sosnowski challenges are included in the Florida Standard Jury Instructions on Resisting and Officer with Violence (Fla. Std. Jury Instr. (Crim.) 21.1) and Battery on a Law Officer (Fla. Std. Jury Instr. (Crim.) 8.11). These are the offenses for which Sosnowski was on trial. "The standard jury instructions are presumed correct and are preferred over special instructions." Stephens v. State, 787 So. 2d 747, 755 (Fla. 2001). As the state post-conviction court

found, trial counsel was not ineffective for not objecting because the trial court's instructions – the standard instructions – were not erroneous or misleading. *See, e.g.*, Thompson, 759 So. 2d at 665 (affirming denial of "claim that counsel was ineffective for failing to object to the standard instruction on expert witnesses, which has not been invalidated by this Court, because counsel's performance was not deficient for failing to object to these instructions"); Downs v. State, 740 So. 2d 506, 518 (Fla. 1999) ("[T]he trial court used the standard jury instructions which had been approved by this Court.  Thus, trial counsel cannot be deemed ineffective under the standards set forth in Strickland for not objecting to the constitutional validity of these instructions." (citations omitted)).

Moreover, any claim of trial court error in giving the jury instructions, as Respondent indicates, should have been raised on direct appeal and is not cognizable in a Rule 3.850 motion.  ECF No. 22 at 45; *see, e.g.*, Thompson v. State, 759 So. 2d 650, 665 (Fla. 2000) ("The substantive challenges to these [standard] jury instructions are procedurally barred because Thompson could have raised these claims on direct appeal."); Graham v. State, 521 So. 2d 1067, 1070 (Fla. 1988) (holding that any claim of trial court error regarding jury instructions should have been raised on direct appeal and was not cognizable in Rule 3.850 motion).

In addition, as both Sosnowski and Respondent indicate, Sosnowski asserted, in his habeas corpus petition, a claim of ineffective assistance of appellate counsel for failure to challenge the jury instruction as fundamental error in the direct appeal, but the First DCA denied the petition, Ex. D3, an adjudication on the merits entitled to deference under 28 U.S.C. § 2254(d). *See* Richter, 562 U.S. at 99.  The Eleventh Circuit has indicated that "the fundamental error question is an issue of state law, and state law is what the state courts say it is."  Pinkney v. Secretary, Dep't of Corr., 876 F.3d 1290, 1299 (11th Cir. 2017).  If the state appellate court has denied a claim of ineffective assistance based on appellate counsel's failure to raise an unpreserved error, the appellate court "has already determined, albeit implicitly, that the error was not fundamental error," and the Eleventh Circuit "must defer to the 'Florida court's underlying determinations of state law.'" *Id*. at 1297-98.  As the Eleventh Circuit explained, the state appellate court would have granted relief "if it had decided that the instruction error was fundamental error . . . because if the error was fundamental, the direct appeal court could have decided the issue on the merits, which would mean that appellate counsel's failure to raise the issue was ineffective assistance of counsel." *Id*. at 1298-99.  Thus, Sosnowski's claim of ineffective assistance of appellate counsel, denied by the First DCA, should also be denied here.

*See also* <u>Thompson</u>, 759 So. 2d at 665 (denying "corresponding claims of ineffective assistance of appellate counsel for failing to raise these issues [concerning challenges to standard jury instructions, not objected to by trial counsel,] on direct appeal because counsel cannot be deemed ineffective for failing to object to meritless issues").

Based on the foregoing, Petitioner Sosnowski has not shown that the state court's rejection of these claims involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.   *See* 28 U.S.C. § 2254(d)(1)-(2).   Accordingly, these claims should be denied.

### <u>Ground 3</u>:  Trial Court Error – Evidentiary Ruling

In his third ground, Petitioner Sosnowski asserts the "trial court abused its discretion by ruling as inadmissible highly exculpatory DCF official report findings."  ECF No. 13 at 18.  As both Sosnowski and Respondent indicate, Sosnowski did not raise this claim in the state trial court or in his direct appeal.  ECF No. 13 at 18; ECF No. 22 at 18-19.  Accordingly, this claim is unexhausted and procedurally defaulted.

If considered on the merits, this ground does not warrant habeas relief. Sosnowski here raises a claim state law error, specifically a state trial court evidentiary ruling.  In particular, after jury selection, the following occurred:

THE COURT:  . . . was there anything further you wanted to address with the Court?

MR. ALLEN:  Yes, I need to obtain the DCF report from July 20 of 2015 and October 27, 2015.

THE COURT:  I don't know anything about that.  Are those – have those been produced in Discovery?  Are they –

MR. ALLEN:  They're not part of this case.  You know, the confusion here – and I understand that case confusion, the first attack is that his wife lied about the incident which causes the police to come and get involved, and that lie does away with their probable cause, and I explained to him that police can come in and listen to somebody and based on that go out and say, I have probable cause to arrest.

He's not there yet in the sense that this was a domestic violence incident, your wife came out and said she was battered. He wants to dispute the truth of it.  Fine.  The DCF report this stuff.  We can show that she had other issues, she had other problems, but the problem for him is that probable cause existed for the arrest so, you know, but he wants to attack the wife and bring in evidence that she lied which brings in the DCF report, and I haven't tried to get it because it is not going to help the case.  It's not going to –

THE COURT:  **It would not be admissible.  The jury will not hear about it.  That's not an issue for the jury to decide.**

THE DEFENDANT:  Can I tell you what's in the DCF findings?

THE COURT:  It doesn't matter.

MR. ALLEN:  It's not coming in.  That's what he said, it's not coming in.

THE DEFENDANT:  One of two criteria for the SWAT Team being called in was DCF lying and say that I didn't let them see my child when the DCF report says I did.

THE COURT:  Mr. Sosnowski, the DCF is not the jury or the judge – excuse me, law enforcement is not the jury or the judge. They get a report, allegations, sworn allegations, and they have reasonable belief or probable cause that someone may be in danger

They have to make a split second decision on when and whether and how to react.  They cannot go back into records. They can not investigate.  They cannot sit down for two weeks and figure out whether this is something that should be pursued or not.

When they are under the understanding that there is danger being imposed to another human being, they have to act on the assumption that there's danger being imposed to another human being.  That's law enforcement's job, and if you were the one who was put in danger, that's how you would want law enforcement to respond, because if law enforcement were to hesitate every time to step back and say, oh, well, let's go back and look at seven months worth of records before we go do anything further, then people would be injured and killed and that could have been prevented, and that's why we have law enforcement is to prevent things just like that so that's why the law says whether or not the allegations were true, is not an issue.

The question is whether the allegations – assuming they were true, were sufficient to give the police – in this case, the SWAT Team – probable cause.  That's the only question. **Whether they were true or false is not an issue for the jury to decide.  It's not – not something for the juror to decide, not something that they will know, not something that will get in front of them.**

Ex. B1 at 384-86 (bold emphasis added).  The state trial court thus ruled the

DCF report was not admissible because it was not relevant.  *Cf.* § 90.401,

Fla. Stat. (2015) ("Relevant evidence is evidence tending to prove or

disprove a material fact."); § 90.402, Fla. Stat. (2015) ("All relevant evidence is admissible, except as provided by law.").

"[T]he general rule is that a federal court will not review a trial court's actions with respect to the admission of evidence." Shaw v. Boney, 695 F.2d 528, 530 (11th Cir. 1983). "A state evidentiary violation in and of itself does not support habeas corpus relief" and "[b]efore such relief may be granted, the violation must rise to the level of a denial of 'fundamental fairness.'" *Id*.; *see* Jacobs v. Singletary, 952 F.2d 1282, 1296 (11th Cir. 1992) ("We review state court evidentiary rulings on a petition for habeas corpus to determine only 'whether the error, if any, was of such magnitude as to deny petitioner his right to a fair trial.'" (citations omitted)).

Petitioner Sosnowski has not shown the state trial court abused its discretion, or otherwise erred, in excluding the evidence as not relevant, or that such exclusion deprived him of due process and a fundamentally fair trial. *See, e.g*., Alderman v. Zant, 22 F.3d 1541, 1555 (11th Cir. 1994). Further, he has not shown the state court's determination involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

**<u>Ground 4</u>:  Ineffective Assistance/Appellate – Fourth Amendment**

In his fourth ground, Petitioner Sosnowski asserts his appellate counsel provided ineffective assistance by not arguing in his direct appeal that "the State made incorrect statements of law."  ECF No. 13 at 21.  As Respondent indicates, this ground appears to consist of two sub-claims alleging ineffective assistance by appellate counsel:  (1) for not arguing that the prosecutor made incorrect statements of law during voir dire; and (2) for not arguing trial counsel was ineffective in not objecting to those incorrect statements.  ECF No. 22 at 20.  *See* ECF No. 13 at 22; ECF No. 25 at 44.

Sosnowski raised these claims in his amended petition for writ of habeas corpus filed in the First DCA.  Ex. D2 at 3, 15.  The First DCA denied the petition on the merits, an adjudication entitled to deference under 28 U.S.C. § 2254(d).  Ex. D3; *see* <u>Richter</u>, 562 U.S. at 99.  The record supports the state court's determination.  *See* <u>Wilson</u>, 138 S. Ct. at 1192.

The alleged "incorrect statements of law" by the prosecutor occurred during voir dire:

> [T]here are certain crimes where a law enforcement officer can detain someone without actually seeing the crime occur, a crime such as felonies or certain misdemeanors like domestic violence battery.  An officer is, by law, allowed to detain you in order to figure out what happened without actually seeing the crime occur.

Ex. B1 at 78-79.  As Respondent explains, the prosecutor's statement of the

law was not incorrect.  *See* ECF No. 22 at 54.  Section 901.15(7), Florida Statutes (2015), provides that a law enforcement officer may arrest a person without a warrant if the officer has probable cause to believe the person has committed an act of domestic violence.  That statute, section 901.15, also lists other instances in which law enforcement may make a warrantless arrest.  Because the prosecutor's statements were not incorrect, trial counsel did not perform deficiently by not objecting and appellate counsel did not perform deficiently by not challenging them on direct appeal.  *See, e.g.*, Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."); Chandler, 240 F.3d at 917.  Thus, both subclaims in this ground lack merit.

Petitioner Sosnowski has not shown that the state court's rejection of the claims in this ground involved an unreasonable application of clearly established federal law or that it was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  Accordingly, this ground should be denied.

### Ground 5:  Ineffective Assistance/Appellate – Reply Brief

In his fifth ground, Petitioner Sosnowski asserts his appellate counsel provided ineffective assistance "for failure to argue that the Assistant Attorney General (AAG) committed straight up, easily provable, written

perjury in the State's Answer Brief."  ECF No. 13 at 24.  In support of his claim, Sosnowski points out a sentence from the answer brief:  "Garza testified that her and her child possessed bruises on that day."  Ex. B3 at 4, 24; *see* ECF No. 13 at 24.  Sosnowski explains that Garza never testified that the child had bruises.  ECF No. 13 at 24.

Sosnowski raised this claim in his amended petition for writ of habeas corpus filed in the First DCA.  Ex. D2 at 2.  The First DCA denied the petition on the merits, an adjudication entitled to deference under 28 U.S.C. § 2254(d).  Ex. D3; *see* <u>Richter</u>, 562 U.S. at 99.

As both Sosnowski and Respondent point out, the transcript reflects that Garza testified there were bruises on her own body but she did not testify that there were bruises on the child:

Q.  You talk to – did you talk to D.C.F.?

A.  Yes.  I did.

Q.  Okay.  Did D.C.F. inform you, as to why they were there [at her residence]?

A.  Yes.

Q.  And why was that?

A.  Domestic violence.

Q.  Were they there for a welfare check on your child and yourself?

A.  Yes, the both of us.

Q.  Now, on that day were there bruises on your body?

A.  Yes.

Ex. B1 at 459.   Garza testified she indicated to the DCF officials that Sosnowski had caused the bruises.  *Id*. at 460.

The record further reflects that Garza testified that, as she was talking with the DCF officials, she heard a noise from the house and she told the officials, "He just locked me out of the house.  He just put the bar across the door."  *Id*. at 460-61.  Garza did not go back inside the home; rather, she went with officials from the sheriff's office, who had been asked to assist DCF.  *Id*. at 461; 475, 481.  She testified that she was concerned about her five-year-old son, who was still in the house, because Sosnowski had told her she would never see her son again.  *Id*. at 461.  Based on information from Garza, including that Sosnowski had weapons stashed throughout the home and property, and that the house was secured such that no one could see inside but occupants could see out, law enforcement had concerns for the safety of the five-year-old child, who was still in the home with Sosnowski. *Id*. at 457-58, 461-63; 475-83; *see* <u>Sosnowski v. State</u>, 245 So. 3d 885 (Fla. 1st DCA 2018).  Law enforcement also wanted to question Sosnowski about the bruises on Garza.  Ex. B1 at 481.

A fair reading of the answer brief, together with the transcript, supports a determination that the statement regarding bruises on the child appears to constitute a careless error by the AAG and not a deliberate attempt to mislead the court or commit perjury. Indeed, the First DCA must have reviewed the record and considered this in both the direct appeal and in denying the petition for habeas corpus. In neither case did the First DCA mention bruises on the child in its decision. *See* Exs. B5, D3; <u>Sosnowski v. State</u>, 245 So. 3d 885 (Fla. 1st DCA 2018)

Given the record, it was not unreasonable for the state court to conclude that appellate counsel's performance was not deficient in not pointing out the error in the answer brief regarding bruises on the child. Indeed, for purposes of this case, whether the child actually had bruises did not matter – the child was in the house with Sosnowski, and Garza and law enforcement had concerns for the child's well-being and safety. Law enforcement also wanted to question Sosnowski about the bruises on Garza. The resulting actions of law enforcement and Sosnowski gave rise to the charges in this case, resisting an officer with violence and battery on a law enforcement officer.

Petitioner Sosnowski has not shown that the state court's rejection of this ground involved an unreasonable application of clearly established

federal law or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1)-(2). Accordingly, this ground should be denied.

## Order on Pending Motion

As mentioned at the outset, Petitioner Sosnowski has filed a "Motion to Supplement the Record." ECF No. 28. He asks the Court to consider "these highly exculpatory Exhibits," and he states "[t]his 'Newly Discovered'/Newly Presented evidence was not available to [him] until about December 13, 2021." *Id*. at 1. He does not indicate, however, whether the exhibits were part of the state court record. *Id*. at 1-2. In addition, the attached exhibits do not appear relevant to this federal habeas proceeding. Accordingly, the motion, ECF No. 28, is **DENIED**.

## Conclusion

Petitioner Sosnowski is not entitled to federal habeas relief. It is respectfully **RECOMMENDED** that the amended § 2254 petition, ECF No. 13, be **DENIED**.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument regarding a certificate by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 13).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma

pauperis be **DENIED**.  The Clerk of Court shall substitute Ricky D. Dixon for Mark Inch as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on May 16, 2022.

S/  Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. R. 3-1; 28 U.S.C. § 636.**